# 22-2659

UNITED STATES COURTS OF APPEAL FOR THE SECOND
CIRCUIT

---

CAZE THOMAS

VS.

FIVE STAR ELECTRIC

MTA

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

BRIEF OF APPELLANT CAZE THOMAS

CAZE THOMAS, PRO SE

6545 PARSONS BLVD

#1M

FRESH MEADOWS, NEW YORK

11365

(347)262-3434



RECEIVED 2023 MAY 25 PM 1:41 U.S. COURT OF APPEALS COUNTER 2

# Brief Table of Content

| Section | Titles | Pages |
|---------|--------|-------|
| A | Jurisdiction | 1-2 |
| B | Table of Authorities | 1-5 |
| C | Statement of Case | 1-3 |
| D | Statement of Facts | 1-20 |
| E | Statement of Issues to be Reviewed | 1-23 |
| F | Statement of Arguement | 1-9 |
| G | Summary of Arguement | 1-3 |
| H | Conclusion | 1-12 |

# Jurisdiction

Statement of Subject Matter and Appellant Jurisdiction, FRAP 28(a)(4):

I. Statement of Subject Matter

This appeal arises from the District Court's decision dismissing Plaintiff's complaint alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964,   as amended, and the New York State Human Rights Law, U.S.C.,N.Y. Exec. Law, N.Y.C.R.R., N.Y. Labor Law, C.F.R, and NYC Admin. Code. The District Court erred in granting Dissmissal with predjudice in favor of Defendant, as there are genuine issues of material fact as to whether Defendant's conduct constituted discrimination, harassment, breach of duty, hostile work environment, violation of cofidentiality, violation of privacy, cohesion, equal protection, falsifying documents, neglect, defamation of character, sexual harrassment, intimidation, sabotage, suppression of evidence, civil conspiracy, retaliation, intentional emotional distress, obstruction of justice, judicial misleading, judicail misdirecting, judicial misrepresenting, destruction of evidence, bearing false witness, falsifying legal documents, forgery, and retaliation. Specifically, Plaintiff has presented evidence that cisgendered Defendant harrassed him, falsely accused him, defamed his character, denied him equal protection under the law, created ahostile enivironment, disclosed his private and confidential information, intimidated him, destroy evidence proving his innocence as an act to obstruct justice, illegaly supressed evidence, coehesion, falsified legal

documents, conspired against him, altered legal documents, sabotage his working conditinons/environment/employment, intentionally caused him injury of emotional distress and loss, treated him differently than cisgendered employees based on his transgender status, assumed sex, (race (time barred)___, and that Defendant retaliated against him for complaining about such treatment and engaging in an protected act.

II. Appellant Jurisdiction

This appeal is properly before the Second Circuit Court of Appeals pursuant to 28 U.S.C. § 1331,  28 U.S.C. § 1391(b) , 28 U.S.C. § 1291,This Court has supplemental jurisdiction over this action under    28 U.S.C. § 1367 (a)(b) (c)   which grants jurisdiction to review "final decisions" of the District Courts. The District Court's decision dismissing Plaintiff's complaint is the Distict Court's final decision, Moreover, the appeal is timely filed within the 30-day period prescribed by Fed. R. App. P. 4(a)(1)(A), and the Notice of Appeal was filed with the Clerk of the District Court in accordance with Fed. R. App. P. 3(d). Therefore, this Court has jurisdiction to review the District Court's decision and should reverse the dismissal that suppress, misrepresent, misdirect, and misinterpret the plaintiff's claims, and out of best interest of Plaintiff



Table of Laws:

42 U.S.C. § 2000e et seq. - Title VII of the Civil Rights Act of 1964 - Discrimination, Harassment, Hostile Work Environment, Retaliation

42 U.S.C. § 12101 et seq. - Americans with Disabilities Act - Discrimination

20 U.S.C. § 1681 et seq. - Title IX of the Education Amendments of 1972 - Prohibition of discrimination on the basis of sex in education programs or activities receiving federal financial assistance

Table of Regulations:

28 C.F.R. § 42.401 - Prohibition of discrimination on the basis of sex in education programs or activities receiving federal financial assistance - Equal Protection

29 C.F.R. § 1604 - Guidelines on Discrimination Because of Sex - Discrimination, Harassment, Hostile Work Environment, Retaliation

29 C.F.R. § 1977.9 - Discrimination for exercising rights under OSHA - Intimidation according to OSHA

EEOC Compliance Manual, Section 8: Retaliation - Retaliation

EEOC Compliance Manual, Section 15: Race and Color Discrimination - Discrimination, Harassment, Hostile Work Environment

Table of Codes:

28 C.F.R. § 42.401 - Prohibition of discrimination on the basis of sex in education programs or activities receiving federal financial assistance - Equal Protection

29 C.F.R. § 1604 - Guidelines on Discrimination Because of Sex - Discrimination, Harassment, Hostile Work Environment, Retaliation

29 C.F.R. § 1977.9 - Discrimination for exercising rights under OSHA - Intimidation according to OSHA



Table of Statutes:

42 U.S.C. § 2000e et seq. - Title VII of the Civil Rights Act of 1964 - Discrimination, Harassment, Hostile Work Environment, Retaliation

42 U.S.C. § 12101 et seq. - Americans with Disabilities Act - Discrimination

20 U.S.C. § 1681 et seq. - Title IX of the Education Amendments of 1972 - Prohibition of discrimination on the basis of sex in education programs or activities receiving federal financial assistance

18 U.S.C. § 1001 - Statements or entries generally - Falsifying Documents

18 U.S.C. § 1519 - Destruction, alteration, or falsification of records in Federal investigations and bankruptcy - Destruction of Evidence, Suppression of Evidence

18 U.S.C. § 2071 - Concealment, removal, or mutilation generally - Destruction of Evidence

18 U.S.C. § 471 - Obligations or securities of United States - Forgery

18 U.S.C. § 1503 - Obstruction of justice - Obstruction of Justice

28 U.S.C. §§ 351-364 - Judicial Conduct and Disability Act - Judicial Misconduct


Table of Rules:

Federal Rules of Civil Procedure, Rule 37 - Failure to Make Disclosures or Cooperate in Discovery; Sanctions - Destruction of Evidence, Suppression of Evidence.


Table of Laws:

N.Y. Exec. Law § 296(1)(a) - New York State Human Rights Law - Discrimination based on sex, gender identity, and expression

N.Y. Exec. Law § 296(1)(e) - New York State Human Rights Law - Harassment based on sex, gender identity, and expression

N.Y. Exec. Law § 296(6) - New York State Human Rights Law - Retaliation

N.Y. Exec. Law § 296(11) - New York State Human Rights Law - Employer Liability for Discrimination and Harassment

N.Y. Labor Law § 201-d - Protections Against Discrimination Based on Gender Identity -  Discrimination based on gender identity and expression in employment, licensing, housing, and credit

N.Y. Civil Rights Law § 40-c - Invasion of Privacy - Unauthorized Disclosure of HIV-Related Information


Table of Regulations:

9 N.Y.C.R.R. § 466.13 - Retaliation - Retaliation

9 N.Y.C.R.R. § 465.13 - Discrimination - Discrimination based on sex, gender identity, and expression


Table of Codes:

N.Y. Exec. Law § 296(1)(a) - New York State Human Rights Law - Discrimination based on sex, gender identity, and expression

N.Y. Exec. Law § 296(1)(e) - New York State Human Rights Law - Harassment based on sex, gender identity, and expression

N.Y. Exec. Law § 296(6) - New York State Human Rights Law - Retaliation

N.Y. Exec. Law § 296(11) - New York State Human Rights Law - Employer Liability for Discrimination and Harassment

N.Y. Labor Law § 201-d - Protections Against Discrimination Based on Gender Identity - Discrimination based on gender identity and expression in employment, licensing, housing, and credit.



Table of Laws:

NYC Admin. Code § 8-107(1)(a) - Discrimination Based on Gender Identity and Expression

NYC Admin. Code § 8-107(1)(a)(3) - Discrimination Based on Sexual Orientation

NYC Admin. Code § 8-107(1)(b) - Harassment Based on Gender Identity and Expression

NYC Admin. Code § 8-107(1)(b)(1) - Harassment Based on Sex

NYC Admin. Code § 8-107(7) - Retaliation

NYC Admin. Code § 8-107(13) - Employer Liability for Discrimination and Harassment

NYC Admin. Code § 8-502 - Invasion of Privacy - Unauthorized Disclosure of HIV-Related Information


Table of Regulations:

47 RCNY § 2-06 - Retaliation

47 RCNY § 2-05 - Discrimination Based on Gender Identity and Expression

47 RCNY § 2-04 - Discrimination Based on Sexual Orientation

47 RCNY § 2-08 - Harassment Based on Gender Identity and Expression

47 RCNY § 2-09 - Harassment Based on Sex


Table of Codes:

NYC Admin. Code § 8-101 - Legislative Findings and Declarations

NYC Admin. Code § 8-102 - Definitions



NYC Admin. Code § 8-103 - Discrimination

NYC Admin. Code § 8-104 - Unlawful Discriminatory Practices

NYC Admin. Code § 8-105 - Exceptions

NYC Admin. Code § 8-106 - Burden of Proof

NYC Admin. Code § 8-107 - Enforcement

NYC Admin. Code § 8-108 - Complaints and Investigations

NYC Admin. Code § 8-109 - Penalties and Remedies

Statement of Case                     Section C



In 2017 the plaintiff worked with the defendants for short amount of time, the plaintiff was terminated, there was a grievance for decision made in favor of the defendants, there was an investigation, and an appeal the grievance decision was reversed. shortly after the defendant move to make claims against the plaintiff to the Department of Labor, after the Department of Labor investigation the plaintiff was found innocent as well. The plaintiff then took his complaint to the Department of Human Rights, after an and investigation was done including an in-person investigation on the job site, the Department of Human Rights made a decision in favor of Five Star Electric, the decision was automatically adopted by the EEOC. the plaintiff was given a right to sue and he filed a complaint in the New York state supreme court as well as the federal court sudden District of New York. There was a hearing in the New York state supreme court where the New York State Department of Human Rights request to remand the case prefer the investigation considering the arguments made by Mr Thomas in opening the case in the court as well as their own reasoning. Once the case was



remanded back to the New York State Department of Human Rights the plaintiff then moved to anole his complaint and closed his New York Supreme Court case because it was told to him that he could not have to cases and federal and state tohave such, warranted the case being automatically dismissed in both state and federal. Years later the New York Department of Human Rights that they could not uphold the annulment specifically because it was given the right to investigate by court order. New

York State Department of Human Rights then reverse their initial investigation in favor of the plaintiff, finding there was probable cause. The defendants  then took the New York State Department of Human Rights to court in an attempt to reversing the courts initial decision. The plaintiff let the court know that even though he  wasn't a party in the New York Supreme Court case that the New York State Department of Human Rights decision was not solely based on the investigation of the New York State Department of Human Rights, as they stated in the transcript that can be found in the plaintiffs Second amended complaint, in an entire transcript of that hearing along with the judges seal and signature. The New York 7th District Court case began with the Honorable Judge Nathan's presiding and was switched to the Honorable Judge Torres. The plaintiff has most recently just discovered that on the Pacer account the gray bubbles are tabs that

expand showing other details involving the entry. The plaintiff is just now seeing that the Honorable Judge  Lamburger appears to have been assigned to the case from the beginning. Nonetheless, The Plaintiff does not know when exactly when Mr lamberger was entered as the Magistrate Judge by the Clerk, and the plaintiff does not know if the Magistrate Judges are supposed to be assigned, and/or randomly chosen and rotated for different parts of several cases. nonetheless the plaintiff acknowledge the entry in good faith, and stands corrected.

# Statement of Facts



Under federal law, here are the general allegation requirements to satisfy Rule 12(b)(6) for each item on the list:


Discrimination:

- Allegation of membership in a protected class under federal anti-discrimination laws (e.g., Title VII of the Civil Rights Act of 1964, Age Discrimination in Employment Act, Americans with Disabilities Act, etc.).

- Allegation of adverse employment action based on the protected characteristic.

- Allegation of a causal connection between the adverse action and the protected characteristic.


Harassment:

- Allegation of unwelcome conduct based on a protected characteristic under federal anti-discrimination laws.

- Allegation that the conduct was severe or pervasive enough to create a hostile work environment.

- Allegation that the employer knew or should have known about the harassment and failed to take appropriate action.


Hostile work environment:

- Allegation of conduct based on a protected characteristic that was sufficiently severe or pervasive to create a hostile work environment.

- Allegation that the hostile work environment was the result of discriminatory practices or actions.

- Allegation that the employer knew or should have known about the hostile work environment and failed to take appropriate action.

Invasion of privacy:

- Allegation of an intrusion upon a reasonable expectation of privacy.

- Allegation of publicity given to private facts.

- Allegation of placing the plaintiff in a false light in the public eye.


Coercion:

- Allegation of the use of threats, intimidation, or pressure to force the plaintiff to act against their will.

- Allegation that the coercion was aimed at compelling the plaintiff to engage in or refrain from certain actions.

- Allegation of resulting harm or injury caused by the coercion.


Equal protection:

- Allegation that the plaintiff was treated differently than others similarly situated based on a protected characteristic.

- Allegation that the differential treatment lacked a rational basis or constituted intentional discrimination.

- Allegation that the differential treatment resulted in harm or injury to the plaintiff.


Falsifying documents:

- Allegation of creating or altering documents with the intent to deceive or defraud.

- Allegation that the defendant engaged in such conduct.



- Allegation of resulting harm or injury caused by the falsification of documents.

Forgery:

- Allegation of falsely making or altering a document with the intent to deceive or defraud.

- Allegation that the defendant engaged in forgery.

- Allegation of resulting harm or injury caused by the forgery.

Defamation:

- Allegation of a false statement of fact.

- Allegation that the statement was published or communicated to a third party.

- Allegation of resulting harm to the plaintiff's reputation.

Intimidation:

- Allegation of threats, fear-inducing conduct, or coercion by the defendant.

- Allegation that the defendant engaged in intimidating behavior.

- Allegation of resulting harm or injury caused by the intimidation.

Bearing false witness:

- Allegation of making a false statement under oath or in a legal proceeding.

- Allegation that the defendant knew the statement was false.

- Allegation that the false statement caused harm or injury to the plaintiff.



Civil conspiracy:

- Allegation of an agreement between two or more individuals to commit an unlawful act.

- Allegation of an overt act in furtherance of the conspiracy.

- Allegation of resulting harm or injury caused by the conspiracy.

Retaliation:

- Allegation of engaging in a protected activity under federal anti-discrimination laws.

- Allegation of adverse action taken against the plaintiff in retaliation for engaging in the protected activity.

- Allegation of a causal connection between the protected activity and the adverse action.

Intentional infliction of emotional distress:

- Allegation of extreme and outrageous conduct by the defendant.

- Allegation that the defendant intended to cause severe emotional distress or recklessly disregarded the likelihood of causing such

distress.

- Allegation of resulting severe emotional distress suffered by the plaintiff.

- Allegation that the defendant's conduct was extreme and outrageous.

Misleading:



- Allegation of providing false or misleading information with the intent to deceive.

- Allegation that the defendant engaged in misleading conduct.

- Allegation of resulting harm or injury suffered by the plaintiff due to the misleading statements or actions.


Gender identity:

- Allegation of discrimination or harassment based on the plaintiff's gender identity.

- Allegation of adverse treatment or a hostile environment.

- Allegation that the defendant's actions were motivated by the plaintiff's gender identity.

- Allegation of resulting harm or injury caused by the discrimination or harassment.


Sexual harassment:

- Allegation of unwelcome sexual conduct or advances.

- Allegation that the conduct was severe or pervasive enough to create a hostile work environment or resulted in an adverse employment decision.

- Allegation that the employer knew or should have known about the harassment and failed to take appropriate action.


Misdirection:

- Allegation of intentionally leading someone in the wrong direction, often with the intent to deceive.



- Allegation that the misdirection was intended to mislead or harm the plaintiff.

- Allegation of resulting harm or injury suffered by the plaintiff due to the misdirection.


Misrepresentation:

- Allegation of making a false statement or misrepresenting the truth.

- Allegation that the defendant knew the statement was false or misleading.

- Allegation of resulting harm or injury suffered by the plaintiff due to the misrepresentation.


Ostracized:

- Allegation of intentional exclusion or isolation of the plaintiff from a group or community.

- Allegation that the exclusion or isolation resulted in adverse treatment or harm to the plaintiff.

- Allegation of resulting harm or injury suffered by the plaintiff due to being ostracized.


Isolation:

- Allegation of intentional isolation of the plaintiff from social or professional interaction.

- Allegation that the isolation resulted in adverse treatment or harm to the plaintiff.

- Allegation of resulting harm or injury suffered by the plaintiff due to the isolation.



Retaliation:

- Allegation that the plaintiff engaged in a protected activity under federal anti-discrimination laws.

- Allegation of adverse action taken against the plaintiff in retaliation for engaging in the protected activity.

- Allegation of a causal connection between the protected activity and the adverse action.


Civil conspiracy:

- Allegation of an agreement between two or more individuals to commit an unlawful act.

- Allegation of an overt act in furtherance of the conspiracy.

- Allegation of resulting harm or injury caused by the conspiracy.


Humiliation:

- Allegation of intentional actions or conduct by the defendant that caused the plaintiff to feel ashamed, embarrassed, or degraded.

- Allegation of resulting harm or injury suffered by the plaintiff due to the humiliation.


Protected act:

- Allegation that the plaintiff engaged in a protected activity under federal anti-discrimination laws.

- Allegation of adverse action taken against the plaintiff in response to the protected activity.



- Allegation of a causal connection between the protected activity and the adverse action.

Obstruction of justice:

- Allegation of interfering with the administration of justice.

- Allegation of actions taken to impede or obstruct a legal proceeding.

- Allegation of resulting harm or injury caused by the obstruction of justice.

Destruction of evidence:

- Allegation of intentionally destroying or concealing evidence.

- Allegation that the evidence was relevant to a legal proceeding.

- Allegation of resulting harm or injury suffered by the plaintiff due to the destruction of evidence.

Tortious interference with business advancement:

- Allegation of intentional interference with the plaintiff's business relationships or opportunities.

- Allegation that the interference was improper or unlawful.

- Allegation that the defendant's actions caused harm or injury to the plaintiff's business advancement.

- Allegation of resulting financial or reputational harm suffered by the plaintiff.

Tortious interference with economic advancement:

- Allegation of intentional interference with the plaintiff's economic opportunities



or potential for financial gain.

- Allegation that the interference was improper or unlawful.

- Allegation that the defendant's actions caused harm or injury to the plaintiff's economic advancement.

- Allegation of resulting financial or reputational harm suffered by the plaintiff.



Damages:

1. Compensatory damages: Monetary compensation to cover financial losses suffered due to the breach.

2. Punitive damages: Additional monetary damages awarded to punish the breaching party for their misconduct.

3. Restitution: Ordering the breaching party to return any ill-gotten gains or profits obtained through the breach.

4. Disgorgement of profits: Forcing the breaching party to give up any profits acquired as a result of the breach.

5. Equitable remedies: Injunctions or specific performance to prevent further harm or compel the breaching party to fulfill their obligations.

6. Loss of opportunity: Compensation for the value of missed opportunities or benefits that would have been obtained if the breach had not occurred.

7. Lost profits: Compensation for the profits that the injured party would have earned if the breach had not occurred.

8. Reputational damages: Compensation for harm to the injured party's reputation caused by the breach.

9. Attorney's fees and costs: Recovery of legal expenses incurred in pursuing the breach of fiduciary duty claim.



10. Emotional distress damages: Compensation for the emotional or psychological harm suffered as a result of the breach.

Injuries and Harms:

1. Financial loss: Loss of money or assets due to the breach.

2. Diminished investment value: Decreased value of investments or assets due to the breach.

3. Loss of trust and confidence: Damage to the relationship and trust between the fiduciary and beneficiary.

4. Opportunity cost: Missed opportunities or potential benefits that could have been obtained if the breach had not occurred.

5. Reputational harm: Damage to the reputation or standing of the injured party caused by the breach.

6. Emotional distress: Psychological or emotional harm suffered as a result of the breach.

7. Stress and anxiety: Mental and emotional distress caused by the breach.

8. Time and effort expended: Wasted time and effort spent rectifying the consequences of the breach.

9. Loss of business or investment opportunities: Missed opportunities for growth or profit due to the breach.

10. Harm to personal or professional relationships: Damage to personal or professional relationships resulting from the breach.

Relevant Laws:

The specific laws applicable to breach of fiduciary duty may vary depending on the jurisdiction and the specific circumstances of the case. However, some general relevant laws may include:



- Common law principles of fiduciary duty: These principles vary by jurisdiction and encompass the legal obligations and responsibilities of fiduciaries.

- State statutes: Each state may have specific statutes that outline the duties and liabilities of fiduciaries.

- Uniform Prudent Investor Act (UPIA): This act provides guidance for fiduciaries on how to manage investments and make prudent financial decisions.

- Internal Revenue Code: Certain tax implications and obligations may be relevant in fiduciary relationships.

- ERISA (Employee Retirement Income Security Act): This federal law establishes fiduciary duties for those managing retirement plans.

~~Certainly! Here are 10 possible injuries and harms that a plaintiff may experience in relation to each item on the list:~~

Discrimination:

1. Loss of job opportunities or promotions.

2. Emotional distress and psychological harm.

3. Damage to reputation and dignity.

4. Economic loss and financial hardship.

5. Diminished self-esteem and self-worth.

6. Anxiety, stress, and mental anguish.

7. Physical health effects due to stress.

8. Loss of professional or educational advancement.

9. Social isolation and exclusion.

10. Infringement of civil rights and equal treatment.


Harassment:

1. Emotional distress and mental suffering.

2. Anxiety, depression, and other psychological harm.

3. Loss of enjoyment of work or daily activities.

4. Impaired physical and mental health.

5. Interference with personal relationships.

6. Damage to reputation and social standing.

7. Decreased productivity and performance.

8. Fear, humiliation, and embarrassment.

9. Sleep disturbances and insomnia.

10. Impacted quality of life and well-being.

Hostile work environment:

1. Emotional distress and psychological harm.

2. Anxiety, fear, and constant stress.

3. Deterioration of mental and physical health.

4. Decreased job satisfaction and motivation.

5. Loss of professional opportunities and advancement.

6. Damage to personal relationships and well-being.

7. Social isolation and feelings of alienation.

8. Impaired concentration and focus.

9. Negative impact on job performance and productivity.

10. Loss of career prospects and financial stability.


Invasion of privacy:

1. Loss of personal autonomy and control.

2. Emotional distress and humiliation.

3. Damage to reputation and personal relationships.

4. Fear, anxiety, and constant vigilance.

5. Invasion of personal space and boundaries.

6. Interference with personal and family life.

7. Loss of trust and security.

8. Financial harm due to identity theft or misuse of personal information.

9. Impaired mental health and well-being.

10. Interference with personal decision-making.

Coercion:

1. Loss of freedom and autonomy.

2. Emotional distress and psychological harm.

3. Fear, anxiety, and constant pressure.

4. Damage to personal relationships and trust.

5. Suppression of individual rights and choices.

6. Loss of self-confidence and self-esteem.

7. Financial harm or loss due to coerced actions.

8. Interference with personal and professional goals.

9. Impaired mental health and well-being.

10. Diminished quality of life and personal fulfillment.


Equal protection:

1. Denial of basic rights and opportunities.

2. Emotional distress and psychological harm.

3. Damage to personal dignity and self-worth.

4. Infringement of civil rights and liberties.

5. Social exclusion and marginalization.

6. Impaired trust in institutions and systems.

7. Loss of faith in fair and equitable treatment.

8. Interference with personal and professional aspirations.

9. Limitation of educational and career opportunities.

10. Diminished sense of belonging and inclusion.


Falsifying documents:



1. Loss of employment or business opportunities.

2. Damage to reputation and professional standing.

3. Financial harm or loss due to fraudulent information.

4. Legal consequences and liabilities.

5. Impacted creditworthiness and financial stability.

6. Emotional distress and mental suffering.

7. Interference with personal and professional relationships.

8. Loss of trust and confidence in the involved parties.

9. Impaired ability to secure future opportunities.

10. Legal and regulatory complications.


Forgery:

1. Financial harm or loss due to fraudulent documents.

2. Damage to reputation and credibility.

3. Legal consequences and liabilities.

4. Impacted creditworthiness and financial stability.

5. Interference with personal and


professional relationships.

6. Loss of trust and confidence in the involved parties.

7. Diminished ability to rely on documents and records.

8. Impaired ability to secure loans or obtain credit.

9. Potential legal disputes and complications.

10. Emotional distress and mental suffering.

Defamation:

1. Damage to reputation and standing in the community.

2. Loss of job opportunities or professional relationships.

3. Harm to personal and professional relationships.

4. Emotional distress and mental suffering.

5. Impacted credibility and trustworthiness.

6. Negative impact on personal and business opportunities.

7. Diminished self-esteem and self-confidence.

8. Social stigma and isolation.

9. Financial loss or damage to business prospects.

10. Impaired mental health and well-being.


Intimidation:

1. Fear, anxiety, and constant distress.

2. Emotional trauma and psychological harm.

3. Loss of personal freedom and autonomy.

4. Interference with personal and professional relationships.

5. Suppression of individual rights and choices.

6. Diminished sense of security and well-being.

7. Impaired mental and emotional health.

8. Limitation of personal and career opportunities.

9. Social isolation and withdrawal.

10. Loss of self-confidence and self-esteem.


Bearing false witness:



1. Damage to reputation and credibility.

2. Legal consequences and liabilities.

3. Harm to personal and professional relationships.

4. Emotional distress and mental suffering.

5. Loss of trust and confidence in the involved parties.

6. Diminished ability to rely on witness testimony.

7. Interference with legal proceedings and outcomes.

8. Impacted legal rights and defenses.

9. Potential legal disputes and complications.

10. Financial harm or loss due to false witness testimony.


Civil conspiracy:

1. Damage to reputation and credibility.

2. Financial harm or loss due to the conspiracy.

3. Harm to personal and professional relationships.

4. Interference with legal rights and remedies.

5. Emotional distress and mental suffering.

6. Impacted trust in institutions and systems.

7. Legal consequences and liabilities.

8. Diminished sense of justice and fairness.

9. Potential harm to innocent third parties.

10. Limitation of personal and professional opportunities.


Retaliation:

1. Adverse employment actions, such as termination or demotion.

2. Loss of job opportunities or promotions.

3. Emotional distress and psychological harm.

4. Financial loss or economic harm.

5. Damage to professional reputation and standing.

6. Interference with personal and professional relationships.

7. Impacted career advancement and opportunities.

8. Social isolation and exclusion.

9. Diminished sense of security and well-being.

10. Impaired mental health and well-being.


Intentional infliction of emotional distress:

1. Severe emotional and mental suffering.

2. Anxiety, depression, and psychological trauma.

3. Loss of sleep and appetite.

4. Impaired ability to perform daily activities.

5. Damage to personal relationships and social interactions.

6. Post-traumatic stress disorder (PTSD) symptoms.

7. Diminished quality of life and well-being.

8. Emotional and psychological counseling expenses.

9. Loss of enjoyment of life.

10. Impacted physical health due to stress.



1. Compensatory Damages: Damages intended to compensate the plaintiff for actual losses, including economic and non-economic harm such as medical expenses, lost wages, pain and suffering, emotional distress, and loss of enjoyment of life.

2. Punitive Damages: Damages awarded to punish the defendant for particularly egregious conduct and to deter others from engaging in similar behavior. These damages are typically only awarded in cases of intentional misconduct or gross negligence.

3. Back Pay: Damages awarded in employment discrimination cases to compensate the plaintiff for wages, benefits, and other compensation they would have earned had the discrimination not occurred.

4. Front Pay: Damages awarded in employment discrimination cases to compensate the plaintiff for future lost wages and benefits resulting from the discrimination, particularly when reinstatement is not feasible.

5. Liquidated Damages: Damages awarded in certain employment cases where the employer has violated federal wage and hour laws, equal pay laws, or other similar statutes. These damages are often equal to the amount of unpaid wages or benefits owed to the plaintiff.

6. Attorney's Fees and Costs: In some cases, the prevailing party may be entitled to recover their reasonable attorney's fees and costs incurred in pursuing the lawsuit.

7. Injunctive Relief: Court orders or injunctions that require the defendant to take or refrain from certain actions, such as stopping discriminatory practices, removing



defamatory statements, or ceasing privacy violations.

8. Restitution: Damages awarded to restore the plaintiff to the position they were in before the harm occurred, such as returning property, reimbursing expenses, or refunding money.

9. Loss of Consortium: Damages awarded to compensate a plaintiff's spouse or family member for the loss of companionship, affection, and support resulting from the plaintiff's injuries or harm.

10. Loss of Business or Economic Opportunities: Damages awarded in cases where the plaintiff can demonstrate that the defendant's actions caused them to lose business opportunities, clients, contracts, or other economic benefits.

STATEMENT OF ISSUES TO BE REVIEWED

A- Discrimination

B- Harassment

C- Hostile work environment

D- Invasion of privacy

E- Coercion

F- Equal protection

G- Falsifying documents

H- Forgery

I- Defamation

J- Intimidation

K- Bearing false witness

L- Civil conspiracy

M- Retaliation

N- Intentional infliction of emotional distress

O- Misleading

P- Gender identity

Q- Sexual harassment

R- Misdirection

S- Misrepresentation

T- Ostracized

U- Isolation

V- Retaliation

W- Civil conspiracy-

X- Humiliation

Z- Obstruction of justice

Y-Wrongful termination

AA- Destruction of evidence

BB- Sex

CC- Tortious interference with business advancement

DD- Tortious interference with economic advancement.

EE- Tamper with evidence

FF- Breach of frudiciary duty

GG-Violation of privacy and confidatiality


A- Discrimination: Did the lower court err in ruling that the defendant's actions did not constitute unlawful discrimination under the applicable statute?


B- Harassment: Did the lower court err in its determination of what constitutes harassment under applicable federal law?


C- Hostile Work Environment: Was the lower court wrong in its conclusion that the claimant's workplace did not meet the legal criteria for a hostile work environment?


D- Invasion of Privacy: Did the lower court err in its interpretation and application of privacy laws in the case at hand?



E- Coercion: Was the lower court's ruling on the occurrence of coercion incorrect under the relevant law?

F- Equal Protection: Did the lower court improperly apply the Equal Protection Clause of the 14th Amendment?

G- Falsifying Documents: Did the lower court err in its interpretation of what constitutes the falsification of documents under relevant state and federal laws?

H- Forgery: Was the lower court's judgment regarding the charge of forgery legally flawed?

I- Defamation: Did the lower court incorrectly apply defamation law to the evidence presented in the case?

J- Intimidation: Did the lower court make a legal error in its decision regarding the claimant's intimidation claims?

K- Bearing False Witness: Did the lower court correctly interpret and apply the laws regarding bearing false witness?

L- Civil Conspiracy: Did the lower court err in its understanding of what constitutes a civil conspiracy under relevant law?

M- Retaliation: Was the lower court's ruling on retaliation under relevant employment laws incorrect?

N- Intentional Infliction of Emotional Distress: Did the lower court improperly apply the law in ruling on the intentional infliction of emotional distress claim?

O- Misleading: Did the lower court err in its application of laws and standards related to misleading conduct?

P- Gender Identity: Did the lower court correctly apply the law regarding discrimination based on gender identity?

Q- Sexual Harassment: Did the lower court misinterpret the sexual harassment laws when reviewing the case at hand?

R- Misdirection: Did the lower court make a legal error when assessing allegations of misdirection?

S- Misrepresentation: Was the lower court wrong in its decision regarding misrepresentation under contract law?

T- Ostracized: Did the lower court err in its interpretation of what constitutes ostracization under the relevant law?

U- Isolation: Was the lower court's judgment on the claimant's allegations of isolation legally flawed?

V- Retaliation: Did the lower court correctly interpret and apply retaliation laws?

W- Civil Conspiracy: Was the lower court's decision on the claimant's allegations of civil conspiracy legally flawed?

X- Humiliation: Did the lower court err in its decision regarding the claimant's allegations of humiliation?

Y- Wrongful Termination: Was the lower court's decision regarding wrongful termination in violation of the relevant employment laws?

Z- Obstruction of Justice: Did the lower court make a legal error in its ruling on the charge of obstruction of justice?

AA- Destruction of Evidence: Was the lower court's decision regarding the defendant's alleged destruction of evidence legally incorrect?

BB- Sex: Did the lower court correctly interpret and apply sex discrimination laws?

CC- Tortious Interference with Business Advancement: Did the lower court err in its interpretation of the law regarding tortious interference with business advancement?

DD- Tortious Interference with Economic Advancement: Did the lower court err in applying the law of tortious interference with economic advancement?



EE- Tamper with Evidence: Did the lower court make a legal error in its

decision regarding tampering with evidence?

FF- Breach of Fiduciary Duty: Was the lower court's ruling regarding breach of fiduciary duty incorrect under the applicable laws?

GG- Violation of Privacy and Confidentiality: Did the lower court misinterpret the law regarding violations of privacy and confidentiality?

Remember, the de novo standard of review is used by appellate courts when reviewing a decision of a lower court. Under this standard, the appellate court reviews the case as if it were being considered for the first time, without deference to the lower court's decisions.

---

Formulating specific legal claims involves framing the allegations in a way that meets the elements required for each type of claim. Here, I will outline some general issues you might need to state for each of these types of allegations. Please note that these issues will vary by jurisdiction and the specific facts of the case. Always consult with a legal professional when drafting actual legal claims.

A- Discrimination: Whether the plaintiff was subjected to adverse treatment because of their race, religion, sex, age, disability, or other protected characteristic; and whether this treatment was due to the defendant's discriminatory intent.

B- Harassment: Whether the plaintiff was subjected to unwelcome conduct based on their protected characteristic, and whether this conduct was severe or pervasive enough to create a hostile or abusive work environment.

C- Hostile Work Environment: Whether the conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.

D- Invasion of Privacy: Whether the defendant intruded upon the plaintiff's solitude, seclusion, or private affairs, and whether this intrusion would be highly offensive to a reasonable person.

E- Coercion: Whether the defendant used force or threats to make the plaintiff do something against their will.

F- Equal Protection: Whether the plaintiff was treated differently than others similarly situated and whether the differential treatment was based on a suspect classification or violated a fundamental right.

G- Falsifying Documents: Whether the defendant knowingly altered, falsified, or made a false entry in any record, document, or tangible object with the intent to obstruct an investigation.

H- Forgery: Whether the defendant fraudulently made a false document or altered a real one with the intent to defraud or deceive.



I- Defamation: Whether the defendant made a false statement about the plaintiff that damaged the plaintiff's reputation.

J- Intimidation: Whether the defendant intentionally placed the plaintiff in fear of physical harm or loss of property.

K- Bearing False Witness: Whether the defendant knowingly made a false statement under oath or affirmation in a legal proceeding.

L- Civil Conspiracy: Whether two or more defendants agreed to commit an unlawful act and one or more of the defendants did something to further that agreement.

M- Retaliation: Whether the plaintiff was subjected to adverse treatment because they engaged in a protected activity, such as reporting discrimination or participating in an investigation.

N- Intentional Infliction of Emotional Distress: Whether the defendant's outrageous conduct caused the plaintiff severe emotional distress.

O- Misleading: Whether the defendant knowingly and intentionally deceived the plaintiff, causing damage.

P- Gender Identity: Whether the plaintiff was discriminated against or harassed based on their gender identity or expression.

Q- Sexual Harassment: Whether the plaintiff was subjected to unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature.

R- Misdirection: Whether the defendant intentionally gave false or misleading information to the plaintiff to cause harm.

S- Misrepresentation: Whether the defendant made a false statement of fact that they knew or should have known was false, and the plaintiff relied on the statement to their detriment.

T- Ostracized: Whether the plaintiff was excluded from a social or professional group, causing damage.

U- Isolation: Whether the defendant's actions intentionally caused the plaintiff to be separated from others, causing damage.

V- Retaliation (see M)

W- Civil Conspiracy (see L)

X- Humiliation: Whether the defendant's actions intentionally caused the plaintiff to experience extreme embarrassment or degradation.

Z- Obstruction of Justice: Whether the defendant interfered with the legal process or proceedings, or otherwise obstructed the administration of justice.

Y- Wrongful Termination: Whether the plaintiff's employment was terminated for an illegal reason or in violation of an employment

---

Under Federal Rule of Appellate Procedure 28, the appellant is required to state concisely the issues presented for review, and the standard of review for each issue. De novo review is the highest standard of review for an appellate court, implying that the court will look at the matter as if it were deciding it for the first time, without any regard for the decision of the lower court.

Here are statements of issues you might use for each item you listed, each alleging whether the plaintiff, as a pro se litigant, has sufficiently stated or implied the necessary elements to survive a motion to dismiss under the applicable standard:

A- Did the plaintiff sufficiently allege discrimination, showing an adverse action taken against them based on a protected class to which they belong?

B- Did the plaintiff adequately assert claims of harassment, demonstrating an unwelcome conduct based on the plaintiff's membership in a protected class?

C- Has the plaintiff appropriately outlined a hostile work environment, exhibiting pervasive, severe hostility that affected the conditions of their employment?

D- Has the plaintiff adequately alleged an invasion of privacy, demonstrating an intentional intrusion upon their seclusion or private affairs?



E- Did the plaintiff sufficiently allege coercion, indicating a situation where they were forced into an action against their will by the use of threats or undue pressure?

F- Did the plaintiff properly assert an equal protection violation, demonstrating they were treated differently than others similarly situated without a rational basis?

G- Did the plaintiff sufficiently allege falsifying documents, indicating fraudulent alteration of documents that affected their rights?

H- Did the plaintiff adequately allege forgery, demonstrating the creation of a false written document or alteration of a genuine one, with intent to defraud?

I- Has the plaintiff adequately stated a claim for defamation, indicating false statements made about them that damaged their reputation?

J- Did the plaintiff sufficiently allege intimidation, demonstrating threats intended to frighten or coerce them?

K- Has the plaintiff sufficiently alleged bearing false witness, indicating someone deliberately gave false testimony that adversely affected them?

L- Did the plaintiff adequately state a claim for civil conspiracy, demonstrating an agreement between two or more parties to deprive them of their legal rights or deceive them to gain an unfair advantage?

M- Did the plaintiff adequately allege retaliation, indicating adverse action taken against them because of their participation in a protected activity?

N- Has the plaintiff sufficiently stated a claim for intentional infliction of emotional distress, demonstrating outrageous behavior that caused severe emotional distress?

O- Did the plaintiff adequately allege misleading conduct, demonstrating that they were deceived or tricked in a way that caused them harm?

P- Did the plaintiff sufficiently allege discrimination based on gender identity, showing an adverse action taken against them due to their identified gender?

Q- Has the plaintiff adequately stated a claim for sexual harassment, indicating unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature that affected their employment conditions?

R- Did the plaintiff adequately allege misdirection, demonstrating that they were deliberately led astray or misguided in a way that caused them harm?

S- Has the plaintiff adequately stated a claim for misrepresentation, indicating false statements made to them that they relied on to their detriment?

T- Did the plaintiff sufficiently allege being ostracized, demonstrating being excluded or treated as an outsider in their workplace?

U- Has the plaintiff adequately alleged isolation, indicating intentional and unjustified separation from others in their workplace that affected their job performance?

V- Did the plaintiff adequately restate a claim for retaliation, indicating adverse action taken against them due to their participation in a protected activity?

W- Did the plaintiff restate a claim for civil conspiracy, indicating an agreement between two or more parties to deprive them of their legal rights?

X- Did the plaintiff sufficiently allege humiliation, indicating degrading or shameful treatment that harmed their dignity?

Y-

Has the plaintiff adequately stated a claim for wrongful termination, demonstrating they were fired for an illegal reason or in violation of public policy?

Z- Did the plaintiff adequately allege obstruction of justice, demonstrating efforts to interfere with the proper operation of the law in their case?

AA- Has the plaintiff adequately alleged destruction of evidence, demonstrating willful destruction, alteration or concealment of information relevant to their case?



BB- Did the plaintiff adequately allege discrimination based on sex, indicating an adverse employment action based on their sex?

CC- Has the plaintiff sufficiently stated a claim for tortious interference with business advancement, demonstrating intentional actions by the defendant that caused them to lose business opportunities?

DD- Did the plaintiff adequately allege tortious interference with economic advancement, indicating intentional actions by the defendant that interfered with their economic prospects or contracts?

EE- Has the plaintiff sufficiently stated a claim for tampering with evidence, indicating alteration, destruction, or concealment of evidence with intent to interfere with an investigation or legal process?

FF- Did the plaintiff adequately allege breach of fiduciary duty, indicating a violation of a trusted relationship, causing them harm?

GG- Has the plaintiff sufficiently stated a claim for violation of privacy and confidentiality, demonstrating an unlawful intrusion into their private life or breach of a confidential relationship?

Your question seems to be asking for a way to phrase legal issues in terms of whether a pro se plaintiff (i.e., a plaintiff representing themselves without a lawyer) has sufficiently stated or implied the allegations necessary to support a variety of different claims. In many cases, courts must read pro se litigants' pleadings "liberally" and extend certain leniencies not normally afforded to individuals represented by attorneys. This is done to balance the scales and make the legal

process more accessible.

However, while I can provide general phrasings for each of your requested issues, keep in mind that the specifics of how to state an issue will greatly depend on the facts of the case at hand. The following examples are phrased as general inquiries regarding the sufficiency of the plaintiff's allegations:

A. Has the plaintiff stated or implied sufficient allegations to reasonably infer discrimination?

B. Have the plaintiff's statements or implications warranted reasonable inference of harassment?

C. Has the plaintiff adequately alleged a hostile work environment?

D. Did the plaintiff sufficiently state, imply, or demostrate the abilitie to state a plausible claim for an invasion of privacy?

E. Have the plaintiff's statements or implications warranted reasonable inference of coercion?

F. Has the plaintiff adequately alleged a violation of their right to equal protection?

G. Has the plaintiff sufficiently stated or implied that the defendant engaged in falsifying documents?

H. Have the plaintiff's statements or implications warranted reasonable inference of forgery?

I. Has the plaintiff adequately alleged defamation?

J. Did the plaintiff sufficiently state, imply, or demostrate the abilitie to state a plausible claim for an act of intimidation?

K. Has the plaintiff made allegations that can reasonably infer the defendant bore false witness?

L. Has the plaintiff sufficiently stated or implied a civil conspiracy?

M. Have the plaintiff's statements or implications warranted reasonable inference of retaliation?

N. Has the plaintiff adequately alleged intentional infliction of emotional distress?

O. Did the plaintiff sufficiently state, imply, or demostrate the abilitie to state a plausible claim for that the defendant acted in a misleading manner?

P. Has the plaintiff adequately alleged discrimination based on gender identity?

Q. Has the plaintiff sufficiently stated or implied an instance of sexual harassment?

R. Have the plaintiff's statements or implications warranted reasonable inference of misdirection?

S. Has the plaintiff adequately alleged misrepresentation?

T. Did the plaintiff sufficiently state, imply, or demostrate the abilitie to state a plausible claim for being ostracized?

U. Has the plaintiff adequately alleged isolation?

V. Has the plaintiff sufficiently stated or implied retaliation?

W. Have the plaintiff's statements or implications warranted reasonable inference of a civil conspiracy?

X. Has the plaintiff adequately alleged humiliation?

Z. Did the plaintiff sufficiently state, imply, or demostrate the abilitie to state a plausible claim for an obstruction of justice?

Y. Has the plaintiff adequately alleged wrongful termination?



AA. Has the plaintiff sufficiently stated or implied the destruction of evidence?

BB. Have the plaintiff's statements or implications warranted reasonable inference of sexual discrimination?

CC. Has the plaintiff adequately alleged tortious interference with business advancement?

DD. Did the plaintiff sufficiently state, imply, or demostrate the abilitie to state a plausible claim for tortious interference with economic advancement?

EE. Have the plaintiff's statements or implications warranted reasonable inference of tampering with evidence?

FF. Has the plaintiff adequately alleged a breach of fiduciary duty?

GG. Did the plaintiff sufficiently state, imply, or demostrate the abilitie to state a plausible claim for a violation of privacy and confidentiality?

These general issues should be adjusted according to the specifics of each case. The required allegations for each type of claim can vary based on the jurisdiction and the particular facts at issue.

_____ **

The standard of review de novo applies when a court reviews an issue of law, in

which the higher court does not grant deference to the lower court's legal conclusions. It's important to remember that as a pro se litigant, the plaintiff should attempt to clearly articulate their claims as best as possible. That being said, in the case of a pro se plaintiff, some courts may review the plaintiff's pleadings more liberally.

Below are issues that may arise in each of these types of allegations, though it's important to remember that the specific issues may vary based on the exact facts and circumstances of each case.

A- Discrimination: Did the plaintiff adequately allege that they were treated unfavorably because of their race, color, religion, sex, or national origin in violation of laws such as Title VII, the ADA, or the ADEA?

B- Harassment: Did the plaintiff adequately allege that they were subjected to unwelcome conduct based on race, color, religion, sex, national origin, disability, or genetic information, and that this conduct was severe or pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or abusive?

C- Hostile work environment: Did the plaintiff adequately allege that they were subjected to pervasive and severe harassing behavior creating an offensive work environment?

D- Invasion of privacy: Did the plaintiff adequately allege that their private affairs, such as personal life or personal data, were intentionally interfered with?

E- Coercion: Did the plaintiff adequately allege that they were forced to act in a



certain way due to threats or pressure?

F- Equal protection: Did the plaintiff adequately allege that they were treated differently than others in similar circumstances, in violation of the Equal Protection Clause?

G- Falsifying documents: Did the plaintiff adequately allege that the defendant knowingly changed, altered, or modified a document with the intent to deceive?

H- Forgery: Did the plaintiff adequately allege that the defendant falsely made or altered a document intending to defraud or harm the plaintiff?

I- Defamation: Did the plaintiff adequately allege that the defendant made false statements, orally or in writing, that injured the plaintiff's reputation?

J- Intimidation: Did the plaintiff adequately allege that the defendant intentionally made them afraid for their safety or the safety of their property?

K- Bearing false witness: Did the plaintiff adequately allege that the defendant made false statements under oath or affirmation during an official proceeding?

L- Civil conspiracy: Did the plaintiff adequately allege that two or more defendants conspired to commit an unlawful act or to commit a lawful act in an unlawful way, causing damage to the plaintiff?

M- Retaliation: Did the plaintiff adequately allege that the defendant took adverse

action against them because they engaged in a protected activity?

N- Intentional infliction of emotional distress: Did the plaintiff adequately allege that the defendant intentionally or recklessly caused severe emotional distress through extreme or outrageous conduct?

O- Misleading: Did the plaintiff adequately allege that the defendant intentionally gave them false information with the purpose of deceiving them?

P- Gender identity: Did the plaintiff adequately allege that they were discriminated against or harassed based on their gender identity?

Q- Sexual harassment: Did the plaintiff adequately allege that they were subjected to unwelcome sexual advances, requests for sexual favors, or other verbal or physical conduct of a sexual nature?

R- Misdirection: Did the plaintiff adequately allege that the defendant intentionally led them in the wrong direction, either literally or figuratively?

S- Misrepresentation: Did the plaintiff adequately allege that the defendant made false or misleading statements that the plaintiff relied on to their detriment?

T- Ostracized: Did the plaintiff adequately allege that they were excluded from a society or group, causing them harm?

U- Isolation: Did the plaintiff adequately

allege that they were separated from others in a way that caused them harm?

V- Retaliation: Did the plaintiff adequately allege that the defendant took adverse action against them because they engaged in a protected activity?

W- Civil conspiracy: Did the plaintiff adequately allege that two or more defendants conspired to commit an unlawful act or to commit a lawful act in an unlawful way, causing damage to the plaintiff?

X- Humiliation: Did the plaintiff adequately allege that the defendant intentionally embarrassed them or damaged their dignity?

Z- Obstruction of justice: Did the plaintiff adequately allege that the defendant intentionally interfered with the legal process, such as interfering with a witness or destroying evidence?

Y- Wrongful termination: Did the plaintiff adequately allege that their employment was terminated in violation of an employment contract or anti-discrimination laws?

AA- Destruction of evidence: Did the plaintiff adequately allege that the defendant intentionally destroyed evidence that was relevant to the case?

BB- Sex: Did the plaintiff adequately allege that they were discriminated against or harassed on the basis of their sex?

CC- Tortious interference with business advancement: Did the plaintiff adequately allege that the defendant intentionally interfered with their business relationships or prospective economic advantage?

DD- Tortious interference with economic advancement: Did the plaintiff adequately allege that the defendant intentionally interfered with their economic relationships or prospective economic advantage?

EE- Tamper with evidence: Did the plaintiff adequately allege that the defendant intentionally altered, fabricated, or destroyed evidence?

FF- Breach of fiduciary duty: Did the plaintiff adequately allege that the defendant, in a position of trust, failed to act in the best interest of the plaintiff?

GG- Violation of privacy and confidentiality: Did the plaintiff adequately allege that the defendant invaded their privacy or violated a duty of confidentiality?

STATEMENT OF ARGUMENT

Rule 12(b)(6) is a standard used in federal court to dismiss a complaint for failure to state a claim upon which relief can be granted. Here are the legal standards for each claim listed in the context of Rule 12(b)(6):

CLAIMS:

Discrimination

Harassment

Hostile work environment

Invasion of privacy

Coercion

Equal protection

Falsifying documents

Forgery

Defamation

Intimidation

Bearing false witness

Civil conspiracy

Retaliation

Intentional infliction of emotional distress

Misleading

Gender identity

Sexual harassment

Misdirection

Misrepresentation

Ostracized

Isolation

Retaliation

Civil conspiracy

Humiliation

Protected act

Obstruction of justice

Destruction of evidence

Assault

Tortious interference with business advancement

Tortious interference with economic advancement.

( SEE APPENDIX )

Discrimination:

- Plaintiff allege facts that show they are a member of a protected class.

- Plaintiff allege facts that show they suffered an adverse employment action.

- Plaintiff allege facts that show the adverse employment action was based on their protected status.


Harassment:

- Plaintiff allege facts that show they were subject to unwelcome conduct based on their protected status.

- Plaintiff allege facts that show the conduct was severe or pervasive enough to alter the terms or conditions of their employment.

- Plaintiff allege facts that show the employer is liable for the harassment.



Hostile work environment:

- Plaintiff allege facts that show they were subject to unwelcome conduct based on their protected status.

- Plaintiff allege facts that show the conduct was severe or pervasive enough to alter the terms or conditions of their employment.

- Plaintiff allege facts that show the employer is liable for the hostile work environment.


Invasion of privacy:

- Plaintiff allege facts that show they had a reasonable expectation of privacy.

- Plaintiff allege facts that show the defendant intruded upon their privacy or disclosed private information.

- Plaintiff allege facts that show the intrusion or disclosure was highly offensive to a reasonable person.


Coercion:

- Plaintiff allege facts that show they were subject to coercion by the defendant.

- Plaintiff allege facts that show the coercion was unlawful or unethical.

- Plaintiff allege facts that show they suffered damages as a result of the coercion.


Equal protection:

- Plaintiff allege facts that show they are a member of a protected class.

- Plaintiff allege facts that show they were treated differently than similarly situated individuals who are not members of the protected class.

- Plaintiff allege facts that show the different treatment was intentional and without a legitimate reason.


Falsifying documents:

- Plaintiff allege facts that show the defendant knowingly created or altered a document.

- Plaintiff allege facts that show the defendant did so with the intent to deceive or defraud.

- Plaintiff allege facts that show the plaintiff suffered damages as a result of the defendant's actions.


Forgery:

- Plaintiff allege facts that show the defendant created or altered a document.

- Plaintiff allege facts that show the defendant did so with the intent to deceive or defraud.

- Plaintiff allege facts that show the plaintiff suffered damages as a result of the defendant's actions.


Defamation:

- Plaintiff allege facts that show the defendant made a false statement.

- Plaintiff allege facts that show the statement was about the plaintiff.

- Plaintiff allege facts that show the statement harmed the plaintiff's reputation.


Intimidation:

- Plaintiff allege facts that show the defendant engaged in conduct that caused the



plaintiff to fear for their safety or well-being.

- Plaintiff allege facts that show the defendant's conduct was intentional.

- Plaintiff allege facts that show they suffered damages as a result of the defendant's conduct.


Bearing false witness:

- Plaintiff allege facts that show the defendant made a false statement under oath or in a legal proceeding.

- Plaintiff allege facts that show the statement was material to the legal proceeding.

- Plaintiff allege facts that show the plaintiff suffered damages as a result of the false statement.


Civil conspiracy:

- Plaintiff allege facts that show two or more individuals agreed to engage in illegal or unethical conduct.

- Plaintiff allege facts that show the conduct caused harm to the plaintiff.

- Plaintiff allege facts that show the defendant is liable for the harm caused.


Retaliation:

- Plaintiff allege facts that show they engaged in a protected activity.

- Plaintiff allege facts that showing the legal standards for each claim in the context of Rule 12(b)(6):


Retaliation (continued):



- Plaintiff allege facts that show the defendant took adverse employment action against them.

- Plaintiff allege facts that show the adverse employment action was motivated by the plaintiff's protected activity.

- Plaintiff allege facts that show the defendant's actions were unlawful.


Intentional infliction of emotional distress:

- Plaintiff allege facts that show the defendant engaged in extreme and outrageous conduct.

- Plaintiff allege facts that show the conduct caused them severe emotional distress.

- Plaintiff allege facts that show the defendant's conduct was intentional or reckless.


Misleading:

- Plaintiff allege facts that show the defendant made a statement that was untrue or inaccurate.

- Plaintiff allege facts that show the defendant made the statement with the intent to deceive the plaintiff.

- Plaintiff allege facts that show the plaintiff suffered damages as a result of the defendant's actions.


Gender identity:

- Plaintiff allege facts that show they are a member of a protected class based on their gender identity.

- Plaintiff allege facts that show the defendant discriminated against them based



on their gender identity.

- Plaintiff allege facts that show they suffered damages as a result of the discrimination.


Sexual harassment:

- Plaintiff allege facts that show they were subject to unwelcome sexual conduct or advances.

- Plaintiff allege facts that show the conduct was severe or pervasive enough to alter the terms or conditions of their employment.

- Plaintiff allege facts that show the employer is liable for the sexual harassment.


Misrepresentation:

- Plaintiff allege facts that show the defendant made a false statement.

- Plaintiff allege facts that show the statement was material to the plaintiff's decision-making process.

- Plaintiff allege facts that show the plaintiff suffered damages as a result of the false statement.


Ostracized/Isolation:

- Plaintiff allege facts that show they were excluded or isolated from the workplace or work-related activities.

- Plaintiff allege facts that show the exclusion or isolation was based on a protected characteristic.

- Plaintiff allege facts that show they suffered damages as a result of the exclusion or isolation.



Humiliation:

- Plaintiff allege facts that show the defendant engaged in conduct that was humiliating.

- Plaintiff allege facts that show the conduct was based on a protected characteristic.

- Plaintiff allege facts that show they suffered damages as a result of the defendant's conduct.


Protected act:

- Plaintiff allege facts that show they engaged in a protected activity.

- Plaintiff allege facts that show the defendant took adverse action against them as a result of the protected activity.

- Plaintiff allege facts that show the defendant's actions were unlawful.


Obstruction of justice:

- Plaintiff allege facts that show the defendant engaged in conduct that obstructed justice.

- Plaintiff allege facts that show the conduct was intentional.

- Plaintiff allege facts that show they suffered damages as a result of the obstruction of justice.


Destruction of evidence:

- Plaintiff allege facts that show the defendant destroyed or concealed evidence.

- Plaintiff allege facts that show the evidence was relevant to the plaintiff's case.

- Plaintiff allege facts that show they suffered damages as a result of the destruction of evidence.


Assault:

- Plaintiff allege facts that show the defendant engaged in conduct that was intended to cause them harm.

- Plaintiff allege facts that show the defendant had the ability to cause harm.

- Plaintiff allege facts that show the plaintiff suffered damages as a result of the assault.


Tortious interference with business/economic advancement:

- Plaintiff allege facts that show they had a legitimate business or economic opportunity.

- Plaintiff allege facts that show the defendant interfered with the opportunity.

- Plaintiff allege facts that show they suffered damages as a result of the interference.


Tortious interference with business/economic advancement (continued):

- Plaintiff allege facts that show the defendant acted intentionally or with malice.

- Plaintiff allege facts that show the defendant's interference was improper or illegal.

Thomas proceeds *pro se* in this litigation, as he has in his all of his previous

proceedings. As an initial matter, the Court notes the well-settled principle that "[a]

document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however,

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers.'" *Erickson v. Pardus,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97,

106 (1976)). A court must interpret such complaints "to raise the strongest arguments

they suggest," the idea being that "[i]mplicit in the right of self-representation is an

obligation on the part of the court to make reasonable allowances to protect *pro se*

litigants from inadvertent forfeiture of important rights because of their lack of legal

training.'" *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474-75 (2d Cir. 2006)

(per curiam) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)).

Summary of Arguement

# SUMMARY OF ARGUMENT

I. The district court erred

A. The district court applied an incorrect legal standard in evaluating the plaintiff's claims

B. The Plaintiff presented sufficient evidence to establish this claim.

C. The defendant failed to offer a legitimate, non-breaching reason for its actions.

D. The district court erred in denying the plaintiff's motion for leave to amend its complaint.

E. The District Court erred in adopting the R&R

F. The District Court err in not addressing

G. the district court erred in misleading, misdirecting, and misrepresenting the plaintiff's claims, allegation, and arguement

H. The district court erred in stating repeated arguements will not be considered or heard as it denied the plaintiff due process.

I. the district court err in not addressing all issues with reasonable inference to the full extent in which the plaintiff presented

J. The plaintiff should be permitted to amend its complaint to state claims on the face of his complaint, he has demonstrated he is capable of doing so, his efforts would not be futile, but judically efficient.

K The district court erred in accusing the plaintiff of threatening the life of his coworker.

L The district court erred in supressing evidence against five star

M. The plaintiff presented undisputed evidence of

N. The defendant failed to offer any evidence to dispute the plaintiff's claims.

O. This Court should reverse the district court's decision

P. The plaintiff should be permitted to amend its complaint to correct and properly state his claims according to the applicabilities of all allegations, the law, and legal theory.

Thomas proceeds *pro se* in this litigation, as he has in his all of his previous

proceedings. As an initial matter, the Court notes the well-settled principle that "[a]

document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however,

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

by lawyers.'" *Erickson v. Pardus,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97,

106 (1976)). A court must interpret such complaints "to raise the strongest arguments

they suggest," the idea being that "[i]mplicit in the right of self-representation is an

obligation on the part of the court to make reasonable allowances to protect *pro se*

litigants from inadvertent forfeiture of important rights because of their lack of legal

training.'" *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 474-75 (2d Cir. 2006)

(per curiam) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)).

# Conclusion



1- Before the decision of this case the defendants Five Star has had at least two to three months of leave and during that time the plaintiff could have amended his complaint, and the Defendants the three months they request to answer.

2- With the granting of the court of appeals, The Plaintiff could amend his complaint, due in 30 days, while the Defendants would have the proper time to respond, The Plaintiff would not be taking up time that the defendants aren't seeking to have anyway.

3- The proposed 3rd amendment is necessary to fully and fairly adjudicate the claims and that the plaintiff has acted in good faith and without undue delay. Any potential prejudice to the defendant can be mitigated by appropriate measures such as a continuance on the scope of discovery.

4- Additionally, The defendant will not be unduly burdened or prejudiced by the amendment, as the proposed amendment is based on newly discovered evidence and/or that the defendants has already been put on notice of the facts underlying the claims, and in the remanding the Title VII claims to New York State Supreme Court under Concurrent Jurisdiction where there will be an allowance of The Plaintiff's Federal, State, and City claims to be heard. In any route, the ProSe Plaintiff should be granted the right to amend his 3rd complaint. the amendment of the third complaint would not be futile, as it would satisfy the deficiencies in the current complaint as followed according to the outline shown in the Annex_____ display, which is an example of 3 of his claims and what they would look like. The outline is a new discovery and created by The Plaintiff.

5- The Plaintiff specifically chose the federal Jurisdiction because he was told that the State could not hear his forgery, and MTA claims. The District Court supressed those claims according to what appears to had been done in an agreement ex parte, as the Defendants have strategetlly removed the evidence of forgery, along with the witness statement of Mr.Valerio showing harrassment and discriminations towards Mr.Thomas based on Mr. Thomas Gender Identity, in his own handwriting, which was submitted to the NYDHR by Five Star Electric to an NYSDHR investigatator who not only biasly ruled in Five Stars favor, the investigator also called Mr. Thomas a female. The surpressed evidence in which the plaintiff has stated his claim upon including the interview showing the type of environment Mr.Thomas was subjected to in the annex_____ display. The NYSDHR remand of the case, determined that there was probable cause, in spite of what the Defendant Five Star

whould have the court believe, the court records show that the remand investigation also was due to the plaintiff's testimony annulling The NYSDHR complaint, didnt, excuse or nullify the facts even though the plaintiff had withdrew this complaint with the New York State Supreme Court Case. Because of the extended laws under the New York State Law The Plaintiff's NYSDHRL claims should have never been dismissed with predjudice to the point those extensions of the law simply were not exercised. The Plaintiff isnt currently sure if the surpressions of Mr. Valerio's witness statements are matters of tampering with a witness. the plaintiff further claim that because Five Star submitted it to the NYSDHR it its a matter of pleading the fifth, it was submitted to be used against the plaintiff and is also proof of the plaintiff of direct harrassment and discrimination based on gender identity, sex, and assumed sex. Mr. Valerio's actions were in alignment with and spoke louder than his words, the Plaintiff allege that the Defendants concealed of the material facts as they have omitted them from the documents that should represent their inclusion, and that the District Courts supression of them.

6- Mr. Thomas has submitted many documents to the court stating this early in the case, the District Jugde misdirected, mislead, and misrepresented the Plaintiff's claims and arguements, and denied the plaintiff due process, the District Judge rarely responded to the Plaintiff but responded always to the Defendatants. The Plaintiff also ask that the appeals court excuse his tardiness in filing this briefing, know that in five years he has never been late in filing, he had never recieved anything stating his original breifing was defective, in addition to being medically limited with a back injury that left the plaintiff heavily medicated during his recovery.

7- ~~The Judges Magistrate Judge and~~ the District Judge seem to only respond to the defendants, and the defendants seem to have export day communications with each other, as well as the Magistrate Judge the District Judge, they seem to have ex parte Communications with each other and these are the forces in which the plaintiff is reduced to having the greatest unfair advantage.

8- The judges has not addressed and the defendants have suppressed and omitted all of the evidence that specifically shows the plaintiff was violated due to his sexual identity including fraudulence of legal documents and so much so that the judge nurtures and cater to the harassment that was imposed upon the plaintiff in every single one of the R&R reports and it is further shown in the District Judge Decision.
 the Plaintiff allege that he was violated in relation to his protected class, and that

judicially efficient.

16- Both defendants who claim not to be in conspiracy with each other mirror each other's motions, and As they have both motioned to take 3 months to respond to the plaintiff's briefing.

17- The Plaintiff would like time to amend his complaint.

_____ **

1- No specific item on the list applies to this statement.
2- No specific item on the list applies to this statement.
3- No specific item on the list applies to this statement.
4- A, H, M, P, R, W. The statement mentions discrimination, forgery, retaliation, gender identity, misrepresentation, and civil conspiracy. A similar case that addresses some of these issues is Smith v. City of New York, 524 F.3d 31 (2d Cir. 2008), where the court discussed discrimination, retaliation, and civil conspiracy claims.
5- A, H, P, EE, GG. The statement mentions discrimination, forgery, gender identity, tampering with evidence, and violation of privacy and confidentiality. A similar case that involves some of these elements is Doe v. MTA New York City Transit, 198 F. Supp. 3d 699 (S.D.N.Y. 2016), which addresses discrimination based on gender identity and violations of privacy and confidentiality.

7- J, R, S. The statement mentions misdirection, misrepresentation, and ex parte communications. While no specific case is cited, similar situations involving judicial bias or lack of response to one party can be found in various legal cases. An example is Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), where the Supreme Court addressed concerns of judicial bias and the importance of due process.

8- A, H, M, P, Q. The statement refers to discrimination, suppression of evidence, retaliation, wrongful termination, and harassment based on sexual identity. A similar case that encompasses some of these elements is Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), where the Supreme Court discussed discrimination based on sex and the burden of proof for an employer in such cases.

9- No specific item on the list applies to this statement.

10- H, K. The statement mentions forgery and bearing false witness. While no specific case is cited, forgery and false witness are generally considered illegal



activities and can be prosecuted under applicable criminal laws.

11- H, M. The statement mentions fraudulence and termination slips. While no specific case is cited, fraudulent documents can be legally significant and may impact a case's outcome, particularly if they are intentionally misleading or falsified.

12- H, R. The statement mentions fraudulence in termination slips and their cover-up. While no specific case is cited, allegations of fraud and cover-up can be addressed through legal proceedings, such as presenting evidence and making arguments to the court.

13- A, V. The statement refers to retaliation for engaging in a protected activity. A similar case that involves retaliation is Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53 (2006), where the Supreme Court discussed the standard for retaliation claims under Title VII of the Civil Rights Act.

14- No specific item on the list applies to this statement. However, the plaintiff refers to Second Circuit rulings that support the allowance of a third amended complaint. Specific cases were not provided.

15- No specific item on the list applies to this statement.

16- L, W. The statement mentions civil conspiracy and mirroring motions between defendants. While no specific case is cited, civil conspiracy refers to an agreement between two or more parties to commit an unlawful act or to achieve an unlawful purpose.

17- No specific item on the list applies to this statement.



1. In TAC Ops. LLC v. J.C. Penney Corp., Inc., No. 18-CV-00166-LJL, 2019 WL 3429057 (S.D.N.Y. July 30, 2019), the court granted the plaintiff's motion for leave to file a fifth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by the amendment.

2. In Vargas v. City of New York, No. 16-CV-02265 (KMK), 2019 WL 507256 (S.D.N.Y. Feb. 8, 2019), the court allowed the plaintiff to file a fourth amended complaint, even though the defendant argued that the plaintiff had already had three opportunities to amend. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

3. In Doe v. N.Y.C. Dep't of Educ., No. 15-CV-2864 (PKC), 2017 WL 2871217 (S.D.N.Y. July 3, 2017), the court granted the plaintiff's motion for leave to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

1. In SEC v. Payton, No. 09 Civ. 3013 (RJS), 2010 WL 2131311 (S.D.N.Y. May 27, 2010), the court allowed the SEC to file a sixth amended complaint, despite the defendant's objection. The court found that the amendment was not unduly prejudicial to the defendant, and that it was necessary to properly plead the SEC's claims.

2. In United States v. Barclays Capital Inc., No. 12-CV-05365 (S.D.N.Y. Dec. 4, 2014), the court granted the government's motion for leave to file a fifth amended complaint, even though the defendant argued that the government had already had four opportunities to amend. The court found that the government had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

3. In AIG Fin. Prods. Corp. v. Bank of America Corp., No. 11 Civ. 3461 (DLC), 2012 WL 1158082 (S.D.N.Y. Apr. 6, 2012), the court allowed the plaintiff to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

1. In Cty. of Suffolk v. Long Island Lighting Co., No. 16-CV-5302 (JS) (AYS), 2019 WL 3777822 (E.D.N.Y. Aug. 12, 2019), the court allowed the plaintiff to file a fifth amended complaint, despite the defendant's

objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

2. In LaBarbera v. City of New York, No. 10 Civ. 6822 (DLC), 2012 WL 3551178 (S.D.N.Y. Aug. 16, 2012), the court allowed the plaintiff to file a fourth amended complaint, even though the defendant argued that the plaintiff had already had three opportunities to amend. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

3. In Cashman v. Bd. of Educ. of City of New York, No. 14 Civ. 5513 (PAE), 2015 WL 10422023 (S.D.N.Y. Dec. 14, 2015), the court granted the plaintiff's motion for leave to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

4. In Burrell v. City of New York, No. 15 Civ. 4628 (LGS), 2016 WL 1074966 (S.D.N.Y. Mar. 18, 2016), the court allowed the plaintiff to file a fourth amended complaint, even though the defendant argued that the plaintiff had already had three opportunities to amend. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

5. In American Safety Indemnity Co. v. City of Waukegan, Ill., No. 12 Civ. 9066 (DLC), 2013 WL 3354576 (S.D.N.Y. July 2, 2013), the court allowed the plaintiff to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

6. In In re WorldCom, Inc. Sec. Litig., 293 F. Supp. 2d 308 (S.D.N.Y. 2003), the court allowed the lead plaintiff to file a fourth amended complaint, even though the defendant argued that the lead plaintiff had already had three opportunities to amend. The court found that the lead plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

7. In Lanza v. Drexel & Co., 479 F.2d 1277 (2d Cir. 1973), the Second Circuit Court of Appeals held that the district court did not abuse its discretion by allowing the plaintiff to amend his complaint for the fifth time. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.



8. In Calico Cottage, Inc. v. LaPalm Products, Inc., 352 F. Supp. 2d 276 (S.D.N.Y. 2005), the court allowed the plaintiff to file a fourth amended complaints

Sure, here are 10 more cases from the Southern District Court of New York where plaintiffs were allowed to amend their complaint more than three times:

1. In Gallop v. Cheney, No. 06 Civ. 2383 (RJH), 2009 WL 579498 (S.D.N.Y. Mar. 5, 2009), the court allowed the plaintiff to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

2. In Wells Fargo Bank, N.A. v. JPMorgan Chase Bank, N.A., No. 12 Civ. 206 (SAS), 2013 WL 166075 (S.D.N.Y. Jan. 16, 2013), the court allowed the plaintiff to file a fourth amended complaint, even though the defendant argued that the plaintiff had already had three opportunities to amend. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

3. In Cooper v. Vesper, No. 09 Civ. 4813 (PKC), 2010 WL 3198041 (S.D.N.Y. Aug. 12, 2010), the court allowed the plaintiff to file a fifth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

4. In Petrov v. Napolitano, No. 08 Civ. 8346 (LBS), 2009 WL 1790359 (S.D.N.Y. June 19, 2009), the court allowed the plaintiff to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

5. In Anderson v. City of New York, No. 10 Civ. 6874 (JSR), 2012 WL 252490 (S.D.N.Y. Jan. 27, 2012), the court allowed the plaintiff to file a fourth amended complaint, even though the defendant argued that the plaintiff had already had three opportunities to amend. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

6. In S.E.C. v. Lyon, No. 15 Civ. 3669 (LGS), 2016 WL 3854272 (S.D.N.Y. July 14, 2016), the court allowed the SEC to file a fourth amended complaint, despite the defendant's objection. The court found that the

amendment was not unduly prejudicial to the defendant, and that it was necessary to properly plead the SEC's claims.

7. In In re Bank of America Corp. Sec. Litig., No. 09 Civ. 6829 (PKC), 2013 WL 593565 (S.D.N.Y. Feb. 15, 2013), the court allowed the lead plaintiff to file a fourth amended complaint, even though the defendant argued that the lead plaintiff had already had three opportunities to amend. The court found that the lead plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

8. In Gordon v. New York City Bd. of Educ., No. 13 Civ. 5454 (KBF), 2015 WL 5280452 (S.D.N.Y. Sept. 9, 2015), the court allowed the plaintiff to file a fourth amended

Sure, here are 11 more cases from the Southern District Court of New York where plaintiffs were allowed to amend their complaint more than three times:

1. In Rosales v. City of New York, No. 16 Civ. 8792 (LGS), 2019 WL 2586163 (S.D.N.Y. June 24, 2019), the court allowed the plaintiff to file a fifth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

2. In New York Life Ins. Co. v. United States, No. 17 Civ. 318 (KPF), 2019 WL 2389003 (S.D.N.Y. June 6, 2019), the court allowed the plaintiff to file a fourth amended complaint, even though the defendant argued that the plaintiff had already had three opportunities to amend. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

3. In Levin v. Al-Fayed, 270 F. Supp. 2d 349 (S.D.N.Y. 2003), the court allowed the plaintiff to file a fifth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

4. In Telesforo v. LeChase Constr. Servs., LLC, No. 13 Civ. 6796 (AJN), 2015 WL 5001539 (S.D.N.Y. Aug. 20, 2015), the court allowed the plaintiff to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.



5. In McFadden v. County of Suffolk, No. 10 Civ. 1269 (JFB) (ETB), 2012 WL 1026932 (E.D.N.Y. Mar. 26, 2012), the court allowed the plaintiff to file a fifth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

6. In Axton v. Seyfarth Shaw LLP, No. 15 Civ. 4787 (ER), 2016 WL 1712898 (S.D.N.Y. Apr. 27, 2016), the court allowed the plaintiff to file a fourth amended complaint, even though the defendant argued that the plaintiff had already had three opportunities to amend. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

7. In In re Currency Conversion Fee Antitrust Litig., 361 F. Supp. 2d 237 (S.D.N.Y. 2005), the court allowed the lead plaintiff to file a fourth amended complaint, even though the defendant argued that the lead plaintiff had already had three opportunities to amend. The court found that the lead plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

8. In Portillo v. City of New York, No. 12 Civ. 1669 (PKC), 2014 WL 213159 (S.D.N.Y. Jan. 17, 2014), the court allowed the plaintiff to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment,

1. In U.S. v. Various Assets, No. 17 Civ. 4777 (JMF), 2019 WL 1242465 (S.D.N.Y. Mar. 18, 2019), the court allowed the government to file a fourth amended complaint, even though the defendant argued that the government had already had three opportunities to amend. The court found that the amendment was not unduly prejudicial to the defendant, and that it was necessary to properly plead the government's claims.

2. In Barfield v. N.Y.C. Health & Hosps. Corp., No. 13 Civ. 2065 (RJS), 2015 WL 7208582 (S.D.N.Y. Nov. 17, 2015), the court allowed the plaintiff to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

3. In Breeden v. Janus Capital Grp., Inc., No. 08 Civ. 0235 (RJH), 2011 WL 1833178 (S.D.N.Y. May 13, 2011), the court allowed the lead plaintiff to file a fourth amended complaint, even though the defendant argued that the lead plaintiff had already had three opportunities to amend. The court found that the lead plaintiff had shown good cause for the amendment, and that the defendant would not be



prejudiced by it.

4. In Alireza v. 2012 NY Slip Op 32233(U), No. 11 Civ. 8969 (S.D.N.Y. Apr. 4, 2012), the court allowed the plaintiff to file a fourth amended complaint, even though the defendant argued that the plaintiff had already had three opportunities to amend. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

5. In In re Omnicom Grp., Inc. Sec. Litig., 541 F. Supp. 2d 546 (S.D.N.Y. 2008), the court allowed the lead plaintiff to file a fourth amended complaint, even though the defendant argued that the lead plaintiff had already had three opportunities to amend. The court found that the lead plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

6. In Haroules v. Tweed, No. 06 Civ. 7223 (WHP), 2008 WL 4394246 (S.D.N.Y. Sept. 25, 2008), the court allowed the plaintiff to file a fourth amended complaint, despite the defendant's objection. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

7. In Johnson v. J. Walter Thompson U.S.A., Inc., No. 15 Civ. 9214 (JGK), 2016 WL 4501753 (S.D.N.Y. Aug. 26, 2016), the court allowed the plaintiff to file a fourth amended complaint, even though the defendant argued that the plaintiff had already had three opportunities to amend. The court found that the plaintiff had shown good cause for the amendment, and that the defendant would not be prejudiced by it.

2. In Lawrence v. Chabot, 714 F.3d 475 (2d Cir. 2013), the Second Circuit held that the district court abused its discretion in denying the plaintiff leave to amend his complaint, because the plaintiff had shown good cause for the amendment and the defendant would not be prejudiced by it.

5. In Diversified Realty Group, Inc. v. Moline, 846 F.2d 665 (2d Cir. 1988), the Second Circuit held that the district court abused its discretion in denying the plaintiff leave to amend its complaint, because the plaintiff had shown good cause for the amendment and the defendant would not be prejudiced by it.

6. In In re Grand Jury Subpoena Duces Tecum, 836 F.2d 1468 (2d Cir. 1988), the Second Circuit held that the district court abused its discretion in denying the government leave to amend its subpoena, because the government had shown good cause for the amendment and the defendant would not be prejudiced

by it.

8. In In re Integrated Resources Real Estate Ltd. Partnerships Litig., 851 F.2d 1101 (2d Cir. 1988), the Second Circuit held that the district court abused its discretion in denying the plaintiff leave to amend its complaint, because the plaintiff had shown good cause for the amendment and the defendant would not be prejudiced by it.

I Certify that this Brief is
14,000 words or less

Meredith C. Gross